UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMILIO GUILBERT,

                         Plaintiff,

      v.                                   **DECISION AND ORDER**
                                                         05-CV-153S

CORRECTIONS OFFICER JAMES SENNET &
SERGEANT D. BORAWSKI,

                         Defendants.

       1.       Plaintiff commenced this action by filing a Complaint in the United States District Court for the Western District of New York on March 8, 2005. (Pl. Compl., Docket No. 1) In the Complaint, Plaintiff alleged that Defendants violated his Eighth and Fourteenth Amendment rights. Id. On October 25, 2005, Plaintiff's Complaint was dismissed in its entirety. (Docket No. 10.) But after an appeal by Plaintiff, his Eighth Amendment claim was reinstated by the United States Court of Appeals for the Second Circuit. (Docket No. 16.)

       2.       On January 27, 2009, Defendants filed a Motion for Summary Judgment. (Docket No. 49.) This Court directed Plaintiff to file a response by March 4, 2009. (Docket No. 55.) Plaintiff failed to file a response by March 4, 2009. And to date, Plaintiff has not filed a response.

       3.       Presently before this Court is Plaintiff's Motion to Appoint Counsel. (Docket No. 59.)[1] For the reasons below, Plaintiff's motion is denied.

---

[1] The instant motion is Plaintiff's fourth Motion to Appoint Counsel. Plaintiff's previous three motions have all been denied without prejudice. (Docket Nos. 7, 26, 56.) Additionally, Plaintiff filed the present motion (Docket No. 59) only one day after United States Magistrate Judge, the Honorable Leslie

1

4. Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. In fact, this Court cannot "appoint" counsel for a plaintiff proceeding *in forma pauperis*.[2] Rather, this Court may only *request* that a volunteer attorney review and accept a plaintiff's case. 28 U.S.C. § 1915(e)(1) (providing that a court "may request an attorney to represent any person unable to afford counsel"). If no attorney agrees to accept the case, this Court is powerless to do anything more. See Mallard v. United States Dist. Court, 490 U.S. 296, 310, 109 S.Ct. 1814, 1823, 104 L.Ed.2d 318 (1989) (holding that 28 U.S.C. § 1915 "does not authorize the federal courts to make coercive appointments of counsel").

5. The threshold inquiry for the Court when a plaintiff seeks the appointment of counsel is whether or not the plaintiff's claim "seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). In other words, the plaintiff must show that his claim demonstrates a "likelihood of merit." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 174 (2d Cir. 1989). If Plaintiff meets this initial requirement, the Court should then consider several factors including, but not limited to, "the indigent's ability to investigate the crucial facts [and] the indigent's ability to present the case." Hodge, 802 F.2d at 61-62. Additionally, the Court should also consider whether the plaintiff has access to attorneys. See Cooper, 877 F.2d at 173-74 ("[T]he most important disability of the poor claimant may be not so much his lack of funds but his lack of practical access to attorneys. If the indigent plaintiff is a prison inmate or a homeless vagrant, he may have no effective means of

---

G. Foschio, denied his third motion. (Docket No. 57.)

[2] Plaintiff is proceeding *in forma pauperis*. (Docket No. 7.)

bringing his claim to the attention of the lawyer marketplace to have its merits appraised.")

6. This Court has reviewed the entire record, including the Complaint, Defendants' pending Motion for Summary Judgment, and Plaintiff's Motion to Appoint Counsel. Considering the relevant factors set forth in <u>Hodge</u>, this Court finds no cause at this time to request that a volunteer attorney accept this case. First, the fact that the Second Circuit held that Plaintiff's Eighth Amendment claim did not warrant dismissal does not necessarily mean that Plaintiff's claim demonstrates a likelihood of merit. Second, the several motions filed by Plaintiff demonstrates that he is reasonably capable of prosecuting this matter in accordance with the Federal Rules of Civil Procedure. Third, Plaintiff has access to attorneys. As Plaintiff states, he has attempted to retain an attorney, however, he has been unsuccessful because he does not "have the funds to do so." (Docket No. 56.)[3] And fourth, this Court finds no reason to depart from Judge Foschio's recent decision, which also denied Plaintiff's Motion to Appoint Counsel. (Docket No. 57.)

. . .

Accordingly, this Court denies Plaintiff's Motion for Appointment of Counsel without prejudice.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Appointment of Counsel (Docket No. 59) is DENIED without prejudice.

FURTHER, that Plaintiff shall file a response to Defendants' Motion for Summary

---

[3] Plaintiff also states that he has sought the aid of paralegals, but "they are all too busy or want to charge me for any work done on my case, which I cannot afford at this present moment because I am not working or receiving any income." (Docket No. 56.)

3

Judgment by April 10, 2009.

FURTHER, that Plaintiff is WARNED that failure to respond to Defendants' Motion for Summary Judgment could result in the motion being granted as unopposed

SO ORDERED.

Dated: March 25, 2009
      Buffalo, New York

                                                    <u>/s/William M. Skretny</u>
                                                      WILLIAM M. SKRETNY
                                            United States District Judge